# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Anthony Moore, | ) |
| Plaintiff, | ) |
| | ) Case No: 3:13-cv-40 |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Jack Dalrymple, Governor, | ) |
| Defendant. | ) |

Anthony Moore ("Moore"), an inmate at the North Dakota State Penitentiary, submitted for filing an application to proceed *in forma pauperis*, a proposed complaint, a motion for counsel, a motion for an order to show cause, and a motion for leave to appeal *in forma pauperis*. Moore is a serial litigator and is subject to the Prison Litigation Reform Act's "three strikes" provision, codified at 28 U.S.C. § 1915(g). See In Re Anthony Moore, D.N.D. Case No. 1:11-mc-2, Doc. #11 and Doc. #22; In Re Anthony Moore, D.N.D. Case No. 1:11-mc-5, Doc. #5 and Doc. #16 (detailing Moore's long history of filing frivolous and unfounded complaints).

Moore is subject to additional court orders governing review of his pleadings. Senior Judge Kornmann ordered the clerk's offices in the Districts of North Dakota and South Dakota not to file any lawsuit on behalf of Moore unless his "pleadings are signed, pursuant to Federal Rule of Civil Procedure 11, by an attorney admitted to the court, or unless a federal judicial officer has authorized in writing the filing of such pleadings in advance." Moore v. Cass County Jail Med. Dep't, Case No. 3:09-cv-113, Doc. #7, p. 3 (D.N.D. Jan. 27, 2010). The United States Supreme Court will not accept petitions from Moore in noncriminal matters, unless he pays the docketing fee as a consequence of Moore's repeated abuse of the Supreme Court's process. Moore v. North Dakota, 131 S.Ct. 1505 (Mem) (Order dated Feb. 22, 2011). Finally, Moore is

barred from filing any pleadings in the District of Minnesota unless he is "represented by counsel, or his pleading has been pre-approved for filing by a Judge of the District Court." Moore v. Bertsch, No. 12-1146, 2012 WL 2393817 (D. Minn. June 25, 2012).

28 U.S.C. § 1915(g) prevents a prisoner with "three strikes" from proceeding *in forma pauperis* unless the inmate is under imminent danger of serious physical injury. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (imminent danger must exist at the time of the filing of the complaint or appeal). Moore alleges he is in imminent danger of physical injury because the Governor will not respond to his complaints about the Director of the Department of Corrections and Rehabilitation ("Director") or to Moore's request for a pardon, the Director condones the actions of the employees at the correctional facility and refuses to transfer him to another prison facility, Moore's mail has been opened and destroyed, the employees at the facility adjust the temperature which makes the cells in the segregation unit too cold at times, Moore's laundry bags have been withheld to prevent him from wearing clean clothes, Moore has not has his teeth cleaned in two years, he has not received an evaluation of his sore wrist, and he has symptoms of a "head, chest, [and] throat . . . infection." (Doc. #3, pp. 3-9).

Moore requests to be transferred to a different prison system "out of the five-state region" and he seeks a court order requiring the Governor to act on his request for a pardon. Id. at p. 2. He contends he can not receive a fair hearing in any forum in North Dakota. Id. at pp. 5-6. In recent actions Moore attempted to file with this court he similarly requested to be transferred out of the District of North Dakota. See In re Anthony Moore, D.N.D. Case No. 3:12-mc-5, Doc. #1 (requested to be transferred to a different prison system, or in the alternative, he requested "transfer referrals" to the Federal Bureau of Prisons and to the Oregon Department of

Corrections); In re Anthony Moore, D.N.D. Case No. 3:12-mc-4, Doc. #1 (requested transfer to the Federal Bureau of Prisons or to the Oregon Department of Corrections); In re Anthony Moore, D.N.D. Case No. 1:11-mc-2, Doc. #1 (requested to be transferred to the Federal Bureau of Prisons or to the Oregon, Nevada or Washington Department of Corrections); In re Anthony Moore, D.N.D. Case No. 1:11-mc-5, Doc. #1 (requested to be transferred to the Federal Bureau of Prisons or to the Oregon, Nevada or Washington Department of Corrections); Moore v. Bertsch, D.N.D. Case No. 1:10-cv-089, Doc. #3, p. 4 (Report and Recommendation stating Moore requested to be transferred outside the immediate "five state area"); Moore v. Bertsch, D.N.D. Case No. 1:10-cv-082, Doc. #1-2 (requested to be transferred to the Federal Bureau of Prisons or to the Oregon or Washington Department of Corrections); Moore v. Bertsch, D.N.D. Case No. 1:10-cv-074 (requested to be transferred to a Federal Medical Center outside the State of North Dakota). In all of the actions Moore alleged he was in imminent danger of physical injury, however, the court found Moore's allegations were frivolous, fanciful, conclusory or insufficient, and the court would not authorize filing of the complaints.

Moore has a long history of submitting complaints "claiming he is suffering from one malady or another that has placed him at risk of serious bodily injury . . . ." See In re Anthony Moore, D.N.D. Case No. 1:11-mc-2, Doc. #11, pp. 9-10 (compiling the cases which detail Moore's history of making unfounded complaints). As noted by the court, "In none of the cases, however, has Moore been able to present credible evidence supporting his complaints. In fact, in the cases that were not disposed of summarily, the court determined not only that there was insufficient evidence to support Moore's allegations, but also that . . . Moore was being afforded medical care for numerous ailments - both real and imagined . . . ." Id.

The court finds Moore's allegations in the instant complaint are again too conclusory or insufficient to avoid the "three strikes" bar, particularly given Moore's history. Moore describes symptoms of the common cold and states he has a sore wrist and his teeth have not been cleaned, ailments that are generally not serious enough to place someone in imminent danger. His remaining complaints about the Governor, the Director, his mail, the temperature in the segregation unit cells, and his laundry bags would also not place him in imminent danger.

It is worth noting that it appears Moore submits complaints in an effort to be transferred out of the District of North Dakota. Moore is advised, as he has been in the past, that he cannot choose where he serves his sentence, and filing baseless complaints will not help him achieve that goal.

It is **RECOMMENDED** that the court issue an order instructing the Clerk not to file the complaint and to deny Moore's requests to proceed *in forma pauperis* both before this court and upon appeal. It is further **RECOMMENDED** that the court deny or deem as moot Moore's motions for counsel and for an order to show cause, which were also submitted to the court, to the extent that those motions can be deemed as pending.

Dated this 25th day of October, 2013.

    /s/ *Karen K. Klein*
    Karen K. Klein
    United States Magistrate

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Local Court Civil Rule 72.1(D)(3), Moore may file written objections to this Report and Recommendation by November 12, 2013. Failure to file objections may result in the recommended action being taken.